# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

OMEGA FLEX, INC.,

                Plaintiff,

v.

AMFM INCORPORATED, D/B/A
OMEGAONE,

                Defendant.

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Omega Flex, Inc. ("OmegaFlex") does hereby, through its attorneys, allege as follows:

## THE PARTIES

1.      Plaintiff OmegaFlex is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 213 Court Street, Middletown, Connecticut 06457.

2.      Upon information and belief, Defendant AMFM Incorporated, d/b/a OmegaOne ("AMFM"), is an Ohio corporation, having a principal place of business at 38373 Pelton Road, Willoughby, Ohio 44094.

## JURISDICTION AND VENUE

3.      This is a civil action for trademark infringement and unfair competition under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, trademark infringement under Connecticut common law, for unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §§ 42-110(a) *et seq.*). Jurisdiction is

conferred upon this Court pursuant to 15 U.S.C. §§1119, 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

4.     This Court has personal jurisdiction over AMFM because, upon information and belief, AMFM directly, or indirectly through its agents, does business and/or solicits business in this judicial district and has committed acts within this judicial district giving rise to this action. AMFM is subject to the personal jurisdiction of this Court and is amenable to service of process pursuant to the Connecticut long-arm statute, Conn. Gen. Stat. § 33-929(f), and Fed. R. Civ. P. 4(e). Requiring AMFM to respond to this action will not violate due process.

5.     OmegaFlex does business and has a principal place of business in this judicial district. Upon information and belief, AMFM directly, or indirectly through its agents, does business and/or solicits business in this judicial district and has committed acts within this district giving rise to this action. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

6.     OmegaFlex manufactures, promotes, sells, and/or distributes a variety of products, including various flexible gas piping and corrugated stainless steel tubing ("CSST") systems, including stainless steel and other pipe fittings for use with such systems, for industrial, commercial, and residential applications, including flexible fuel gas piping uses, under the trademark OMEGAFLEX.

7.     OmegaFlex is a well-known, market-leading company within the corrugated stainless steel tubing ("CSST") and industrial pipe and hose industries. CSST is used, for example, in fuel gas applications and the flexible metal piping industry. OmegaFlex manufactures, promotes, sells, and/or distributes a variety of products under its well-known

2

OMEGAFLEX house brand, including systems and components, including but not limited to stainless steel and other pipe fittings, for industrial, commercial, and residential applications, including flexible gas piping uses.

8. OmegaFlex is the owner of U.S. Trademark Registration No. 2227971 for the stylized mark **ΩmegaFlex** registered on March 2, 1999, for "flexible metal hose and braided flexible metal hose for use with flammable and/or corrosive fluids." *See* Exhibit A.

9. OmegaFlex also owns U.S. Trademark Registration No. 2101072 for the word mark OMEGAFLEX, registered on September 30, 1997, for "flexible metal hose and braided flexible metal hose for use with flammable and/or corrosive fluids" (hereafter collectively referred to as the "OmegaFlex Trademarks" or the "Trademarks"). *See* Exhibit B.

10. OmegaFlex uses its Trademarks in connection with the manufacture, promotion, sale, and/or distribution of its CSST and/or flexible metal hose and pipe products and systems for conveying natural gas and other fluids, including but not limited to stainless steel and other pipe fittings, throughout the United States and the world.

11. OmegaFlex has used its Trademarks in connection with industrial metal hose and fitting products since 1980.

12. OmegaFlex is an innovative company, with approximately 281 patents worldwide covering various aspects of its CSST system, including but not limited to certain of its fittings.

13. OmegaFlex also possesses a trade secret process for the manufacture of its CSST, which renders its CSST superior in quality and performance to that of its competitors.

14. Since 1997, OmegaFlex has become the leading manufacturer of flexible metal hose and pipe systems in the United States, including, but not limited to, as a result of its superior

products and services.  Its annual sales of OMEGAFLEX-branded products and services was over $94,000,000 in 2016 alone.

15.     By virtue of their substantial use and promotion in the United States, the OmegaFlex Trademarks have become extremely well known and have acquired great value as identifiers of OMEGAFLEX products and services.  Such marks distinguish OmegaFlex's products and services from those of its competitors.

16.     As a result of OmegaFlex's extensive advertising and sales of flexible metal hose and pipe products and systems in the United States bearing the well-known OmegaFlex Trademarks, relevant consumers readily recognize, identify and distinguish OmegaFlex's products, systems, and services from those of others.

17.     OmegaFlex's Trademarks for flexible metal hose and pipe products, systems, and services are extremely valuable symbols of OmegaFlex, its quality products and services, and of the substantial consumer goodwill that OmegaFlex has earned over many years.

## AMFM'S ACTIVITIES

18.     Upon information and belief, AMFM  manufactures and sells stainless steel tube, hose, and pipe fittings for use in a variety of applications.

19.     Upon information and belief, AMFM is manufacturing, promoting, selling, and/or distributing stainless steel tube, hose, and/or pipe fittings under the marks "OMEGAONE" and/or "OMEGA1" and/or under the Greek letter omega symbol "Ω." AMFM's fittings and the hose or piping systems that they are used with are substantially similar in  appearance, function, and application as the flexible gas piping systems and components, including but not limited to fittings, offered by OmegaFlex.

20.     AMFM's use of the OMEGAONE and/or OMEGA1 and/or the Greek letter omega symbol "Ω" marks in connection with flexible metal hose and pipe products and systems, as shown below and on its website http://www.omega1.com/ has caused and/or is likely to create confusion and mistake and to deceive consumers into the incorrect belief that OMEGAONE and/or OMEGA1 and/or "Ω" products are genuine products sold, sponsored by, affiliated with and/or approved by OmegaFlex.

AMFM's Infringing Use                    OmegaFlex's Mark

                    

21.     Upon information and belief, AMFM chose to use the OMEGAONE and/or OMEGA1 and/or the Greek letter omega symbol "Ω" marks in connection with its AMFM fittings with the intent to cause the aforementioned consumer confusion and/or to otherwise capitalize on OmegaFlex' reputation and goodwill in the OmegaFlex Trademarks.

22.     The fittings, systems, and services as sold by AMFM under the OMEGAONE and/or OMEGA1 and/or the Greek letter omega symbol "Ω" marks, while substantially similar to those of OmegaFlex in appearance, function, and application, are of inferior quality to the innovative, exceptional, and highly rated goods and services offered under the OmegaFlex Trademarks.

23.     Upon information and belief, AMFM's products are sold in the same channels of trade as the OmegaFlex flexible gas piping products, systems and services.

24.     In or around April 2017, counsel for OmegaFlex contacted counsel for AMFM advising them of AMFM's infringement upon OmegaFlex's valid and protectable trademark rights.

25.     On August 31, 2017, OmegaFlex sent AMFM a letter demanding that it immediately stop using the OMEGAONE and/or OMEGA1 and/or the Greek letter omega symbol "Ω" marks.

26.     AMFM has not complied with OmegaFlex's demands.

27.     AMFM, by the acts complained of herein, has infringed and continues to infringe the OmegaFlex Trademarks, has unfairly competed and continues to unfairly compete with OmegaFlex in the marketplace, and otherwise has improperly used and continues to improperly use the reputation and goodwill of OmegaFlex to promote its own goods and services, which are not connected with and/or approved by OmegaFlex.

28.     As a result of AMFM's acts set forth herein, the relevant consuming public and trade will likely be confused as to the source and origin of the goods sold in connection with the OMEGAONE and/or OMEGA1 and/or the Greek letter omega symbol "Ω" marks, mistakenly associating those goods, systems, and services with those of OmegaFlex.

<u>**COUNT I**</u>
**TRADEMARK INFRINGEMENT**
**UNDER § 32 OF THE LANHAM ACT, 15 U.S.C § 1114(1)**

29.     OmegaFlex repeats and realleges paragraphs 1-28, above, as though fully set forth herein.

30.     OmegaFlex owns federal registrations for the OmegaFlex Trademarks for "flexible metal house and braided flexible metal hose for use with flammable and/or corrosive fluids."

31.     Upon information and belief, at the time of committing certain acts alleged herein, AMFM had actual or constructive knowledge of OmegaFlex's ownership, prior use and registration of the OmegaFlex Trademarks for flexible gas piping products, systems, and services.

32.     AMFM's unlawful, improper and unauthorized actions, as set forth above, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of AMFM's products, systems, and/or services and to falsely mislead consumers into believing that AMFM's products, systems and/or services originate from, are affiliated or connected with, and/or are approved by OmegaFlex.

33.     Accordingly, AMFM's activities constitute an infringement of the OmegaFlex Trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114(1).

34.     AMFM's acts of infringement have caused OmegaFlex to sustain monetary damage, loss, and injury in an amount to be determined at trial, as well as damage and injury to its reputation and goodwill.

35.     AMFM has wrongfully obtained and/or will wrongfully obtain profits as a result of its use of the OMEGAONE and/or OMEGA1 and/or the Greek letter omega symbol "Ω" marks, which should be restored to OmegaFlex.

36.     AMFM has engaged and continues to engage in these alleged activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

37.     AMFM's acts of infringement, unless enjoined by this Court, will continue to cause OmegaFlex to sustain irreparable damage, loss, and injury for which OmegaFlex has no adequate remedy at law.

## COUNT II
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### UNDER § 43(a)(1)(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

38.     OmegaFlex repeats and realleges paragraphs 1-37, above, as though fully set forth herein.

39.     OmegaFlex has used it Trademarks in commerce since 1980 in connection with its various flexible gas hose and pipe products and services, including but not limited to stainless steel and other pipe fittings.

40.     Upon information and belief, at the time of committing the acts alleged herein, AMFM had actual or constructive knowledge of OmegaFlex's ownership and prior use of the OmegaFlex Trademarks for CSST and flexible gas piping products, systems, and services.

41.     AMFM has created and continues to create a false designation of origin under § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) by using in commerce, without the permission of or license from OmegaFlex, the OMEGAONE and OMEGA1 and/or the Greek letter omega symbol "Ω" marks in association with flexible gas piping products, systems, and services.

42.     These acts on the part of AMFM are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of AMFM's goods, systems and/or services and to falsely mislead consumers into believing that AMFM's goods, systems and/or services originate from, are affiliated or connected with, and/or are approved by OmegaFlex.

43.     AMFM's acts of false designation of origin and unfair competition have caused OmegaFlex to sustain monetary damage, loss, and injury in an amount to be determined at trial, as well as damage and injury to its reputation and goodwill.

44.     AMFM has wrongfully obtained profits as a result of its use of the OMEGAONE

and OMEGA1 and/or the Greek letter omega symbol "Ω" marks, which should be restored to OmegaFlex.

45.     AMFM has engaged and continues to engage in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

46.     AMFM's acts of infringement, unless enjoined by this Court, will continue to cause OmegaFlex to sustain irreparable damage, loss, and injury for which OmegaFlex has no adequate remedy at law.

**COUNT III**
**CONNECTICUT COMMON LAW TRADEMARK INFRINGEMENT**

47.     OmegaFlex repeats and realleges paragraphs 1-46, above, as though fully set forth herein.

48.     This is an action for common law trademark infringement arising under common law of the state of Connecticut.

49.     By virtue of the aforesaid acts, AMFM has attempted to and has created confusion as to the source of its products and services.

50.     Such acts have the natural and probable tendency to deceive the public so as to essentially pass off AMFM's products as those of OmegaFlex's Goods.

51.     As a result of AMFM's aforesaid acts, ordinary buyers making purchases under ordinary conditions have and will be confused and deceived.

**COUNT IV**
**UNFAIR COMPETITION – CONNECTICUT UNFAIR TRADE PRACTICES ACT**

52.     OmegaFlex repeats and realleges paragraphs 1-51, above, as though fully set forth herein.

9

53.     This is a claim for unfair and deceptive trade practices under the Connecticut

Unfair and Deceptive Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(a), *et seq.*

54.     The actions of AMFM described herein constitute unfair and deceptive acts or

practices, which have deceived and will continue to deceive OmegaFlex's customers and

potential customers and which have injured and will continue to injure the goodwill, reputation,

and business of OmegaFlex.

55.     The actions of AMFM described herein are in and affecting commerce and are

unfair and/or deceptive acts or practices in violation of CUTPA.

56.     As a direct and proximate result of AMFM's unfair and deceptive conduct,

OmegaFlex has suffered and will continue to suffer damages in an amount to be determined at

trial.

57.     Further, by its actions, AMFM has irreparably injured OmegaFlex, and such

irreparable injury will continue unless this Court enjoins AMFM.

## PRAYER FOR RELIEF

WHEREFORE, OmegaFlex respectfully asks this Court to enter judgment against AMFM,

and against respective subsidiaries, successors, parents, affiliates, officers, directors, agents,

servants and employees, and all persons in active concert or participation with AMFM, as follows:

A.      Declare that the federally registered OmegaFlex Trademarks are infringed by

AMFM's use of the OMEGAONE and OMEGA1 and/or the Greek letter omega

symbol "Ω" marks in commerce in violation of the Lanham Act, 15 U.S.C. § 1114

and/or Connecticut common law, and further declare that such infringement is

willful;

B.     Declare that AMFM's acts and practices as set forth herein constitute unfair competition in violation of the Connecticut Unfair Trade Practices Act, and award OmegaFlex damages resulting therefrom, including but not necessarily limited to compensatory damages, lost profits, and/or a disgorgement of OmegaFlex's profits as permitted by law;

C.     Preliminarily and permanently enjoin AMFM from further infringement of the OmegaFlex Trademarks;

D.     Declare that AMFM's acts as complained of herein shall be deemed willful, and/or that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a) and/or CUTPA and further declaring that OmegaFlex is entitled to treble damages;

E.     Award OmegaFlex statutory damages in connection with Count I for AMFM's intentional and willful violation of 15 U.S.C. § 1114(1)(a) pursuant to 15 U.S.C. § 1117;

F.     Award OmegaFlex statutory damages in connection with Count II for AMFM's intentional and willful violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1117;

G.     Award OmegaFlex statutory damages in connection with Count IV pursuant to CUTPA;

H.     Award OmegaFlex its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

I.      Award any such other relief to which OmegaFlex is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

OmegaFlex demands a trial by jury on all issues so triable.

Date: November 1, 2017

Respectfully submitted,

By: /s/ Steven M. Coyle
Steven M. Coyle, Esq. (ct21039)
scoyle@cantorcolburn.com
Tasia E. Perkins, Esq. (ct29498)
tperkins@cantorcolburn.com
CANTOR COLBURN LLP
20 Church Street, 22nd Floor
Hartford, CT 06103
Tel. (860) 286-2929
Fax. (860) 286-0115

*Attorneys for Plaintiff*
*Omega Flex, Inc.*